James T. WEST, Appellant,

v.

Robert A. HALL, Appellee.

No. 20425.

Court of Civil Appeals of Texas, Dallas.

Nov. 7, 1980.

Rehearing Denied Dec. 5, 1980.

Gary E. Smith, Graham & Bright, Dallas, for appellant.

William Andress, Jr., Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

In this suit for dissolution of a partnership and for an accounting, summary judgment was rendered for defendant on his plea of limitation. Plaintiff James T. West alleged that on January 3, 1961, he and defendant Robert A. Hall entered into a written partnership agreement and pursuant to its terms the duration "was to be from the date of execution of this instrument until the 3rd day of January, 1965." Plaintiff alleged further that the business of the partnership has been ongoing from January 3, 1961, until the present, and that there has not been any other express or implied agreement between the parties, and that the partnership has not been dissolved, terminated, which he now seeks to do. The trial court held that the petition affirmatively showed that West's claim accrued on January 3, 1965, and was, therefore, barred by the four–year statute of limitation, article 5527, Tex.Rev.Civ.Stat.Ann. (Supp.1980). We reverse and remand.

Hall asserts that the agreement controls because it was executed prior to the enactment and effective date of the Texas Uniform Partnership Act, article 6132b, V.A.T.S., section 4(5) which provides that the act "shall not be construed so as to impair the obligations of any contract existing when the act goes into effect." We agree that the Uniform Partnership Act does not control the construction of the agreement. However, we conclude that the allegations of the petition show that the partnership was not in fact terminated on the date fixed, but was continued by mutual consent; therefore, it became terminable at will, but so long as it continued, the mutual rights and obligations of the partners remained. *Corr v. Hoffman*, 256 N.Y. 254, 176 N.E. 383 (Court of App.N.Y.–1931).

Article 5527, Tex.Rev.Civ.Stat.Ann. (Vernon 1958) provides that "the cause of action (for settlement of partnership accounts) shall be considered as having accrued on a cessation of the dealings in which they were interested together." Under this statute, the date of termination specified in the contract is not controlling. Therefore, the petition does not affirmatively show that the statute of limitations has run.

Reversed and remanded.